**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KINGSLEY CHINOSO ONUWA,<br><br>Petitioner,<br><br>v.<br><br>FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | Civil Action No. 26-2403 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on a habeas petition (ECF No. 4-5) and motion seeking a temporary restraining order (ECF No. 3) filed by Petitioner Kingsley Chinoso Onuwa brought pursuant to 28 U.S.C. § 2241. Also before the Court is counsel's motion seeking *pro hac vice* admission in this matter. (ECF No. 1-2.) The Court having reviewed the motion seeking *pro hac vice* admission, and good cause having been shown, that motion is granted. As Petitioner has paid the applicable filing fee in this matter, the Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought under § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief."

This Court summarized the background of Petitioner's current detention in its decision deciding Petitioner's previous habeas petition as follows:

> By way of background, Petitioner is a native and citizen of Nigeria. He became a conditional permanent resident of the United States in August 2018. In May 2024, however, Petitioner's conditional permanent resident status was terminated. As a result of that

> termination, Petitioner was placed into removal proceedings in December 2024. On March 9, 2025, however, Petitioner was taken into custody by immigration officials following his return from a trip to his native land. Petitioner has remained in custody since that time, and his removal proceedings are ongoing.

*Onuwa v. Bondi*, No. 25-15403, 2025 WL 3712279, at *1 (D.N.J. Dec. 22, 2025).

At the time of Petitioner's prior petition, the Government argued that Petitioner was properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* The Court rejected that determination and found that Petitioner was subject only to detention under 8 U.S.C. § 1226(a), under which he was "entitled to a bond hearing in which [he] can secure release by showing by a preponderance of the evidence that [he is] neither a danger nor a flight risk." *Id.* (citing *Aguilar Ramos*, 2025 WL 3251447, at *1; *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018).) Petitioner received that bond hearing on December 30, 2025, at which time he was denied release because the immigration judge determined that Petitioner failed to show that he was not a flight risk. (*See Onuwa v. Bondi*, No. 25-15403, at ECF No. 14.) Petitioner filed an appeal of that decision to the BIA, which appears to be pending at this time. (ECF No. 5 at 7.)

On March 9, 2026, Petitioner filed his current habeas petition. (ECF Nos. 4-5.) In his newly filed petition, Petitioner argues for the first time that his bond hearing did not comport with Due Process. According to Petitioner, he bore the burden of proof at the bond hearing. In addition, Petitioner expresses his disagreement with the immigration judge's determination that Petitioner had not shown he was not a flight risk and reargues the merits of his request for bond. (ECF No. 4 at 1-19.) Petitioner also asserts that his detention has become prolonged in light of the lack of what he considers an "adequate" bond hearing. (*Id.* at 19.) Finally, Petitioner presents two additional arguments that do not go directly to the fact or length of his detention. Petitioner argues that the Government should be estopped from using Petitioner's departure from and return to the

United States as a basis for his removal proceedings. Petitioner also asserts that he is receiving inadequate medical care in immigration detention. (*Id.* at 19-20.)

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his petition, Petitioner first argues that his bond hearing was procedurally improper because he was forced to bear the burden of proof to show that he was not a flight risk or danger to the community. Petitioner believes this is contrary to applicable Third Circuit law but depends largely on cases related to detention under 8 U.S.C. § 1226(c). Petitioner's argument ignores, however, that his bond hearing was granted pursuant to 8 U.S.C. § 1226(a), under which the Third Circuit has clearly held that the petitioner bears the burden of proof. *See Borbot*, 906 F.3d at 278-79. Because a detainee subject to detention under § 1226(a) receives an adequate bond hearing, may appeal that determination to the BIA, and may seek a bond redetermination at any time thereafter based on changed circumstances, nothing in the statute requires the burden ever be placed at such bond hearings on anyone other than the petitioner. *Id.* As the Court determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and directed that he receive an adequate bond hearing under that statute, Petitioner was entitled only to a hearing at which he was provided

an opportunity to show that he was neither a flight risk nor danger to the community. That Petitioner bore the burden of proof at the hearing is neither contrary to the Third Circuit's case law nor to this Court's order granting habeas relief, and Petitioner's argument to the contrary is therefore without merit.

Petitioner next expounds as to why Petitioner believes the immigration judge's determination of the facts at his bond hearing was incorrect and reargues that he should have been found not to be a flight risk or a danger to the community. These arguments present little more than Petitioner's disagreement with the immigration judge and directly seek to have the Court interfere with and overturn the denial of Petitioner's bond request on the merits. 8 U.S.C. § 1226(e), however, provides that the immigration judge's discretionary decision "shall not be subject to review" and that "[n]o court may set aside" the decision to deny bond by the immigration judge. *See Borbot*, 906 F.3d at 279. This Court thus has no authority to review, overturn, or second guess the immigration judge's decision as to the denial of bond, and Petitioner's arguments seeking such review must therefore be dismissed because Congress foreclosed any jurisdiction to review the immigration judge's bond decision.

Petitioner also argues that his continued detention, which nears a year in length, has become so prolonged that, notwithstanding the bond hearing he received, it may violate his rights to Due Process. In *Borbot*, the Third Circuit "recognize[d the] concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged" and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations. *Id.* at 280. While *Borbot* leaves this possibility open, the Third Circuit found no basis upon which to find such a Due Process violation despite the *Borbot* petitioner having been detained for more than two years at the time the Third Circuit issued its decision. *Id.* at 275, 280. Thus, although the Third Circuit's decision suggests that such a claim may be available in an extreme case, even a two year

4

detention period did not in and of itself warrant relief in light of the procedural mechanisms –

including bond appeals and bond redeterminations in the immigration courts – available to section

1226(a) detainees. *Id.* Petitioner has been detained for significantly less time than the petitioner

in *Borbot* and received his bond hearing only a few months ago. In addition, Petitioner still has a

pending bond appeal that may prove fruitful. In light of the available avenues for relief through

that bond appeal or bond redetermination requests,[1] and in light of the guidance provided by

*Borbot*, the Court finds that Petitioner fails to set forth an adequate basis upon which to find that

his detention under § 1226(a) has become unduly prolonged sufficient to require relief beyond that

Petitioner has already received.

Petitioner next asserts that the Government should be estopped from using his departure

from and return to the United States as evidence or as a basis for his removal proceedings. This

claim goes not to Petitioner's detention, but rather to the merits of Petitioner's removal

proceedings, and seeks to have this Court interfere in the immigration judge's role as the finder of

fact and determiner of appropriate evidence in Petitioner's underlying removal proceedings.

8 U.S.C. §1252(b)(9), however, explicitly bars the Court from reviewing all "questions of law and

fact . . . *arising from* any *action taken* or *proceeding brought* to remove an alien from the Untied

States" and limits such claims solely to a petition for review with the Court of Appeals after the

immigration proceedings conclude. *See Khalil v. President, United States*, 164 F.4th 259, 273-81

---

[1] The Court notes that habeas petitioners are generally required to exhaust all administrative remedies before seeking relief in a habeas petition. *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Where a habeas petitioner seeks relief in this Court before exhausting his remedies, the Court is generally required to dismiss that claim absent a showing of futility or cause and actual prejudice for the failure to exhaust. *Id.*; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998). As Petitioner has a pending bond appeal through which he can raise claims related to his ongoing detention, he has yet to exhaust all remedies related to the question of the legality of his detention, and this Court likely would be required to dismiss his claim for lack of exhaustion in any event.

(3d Cir. 2026). This Court has no jurisdiction to consider any claim that requests interference in the immigration judge's consideration of the relevance of Petitioner's departure from and return to the United States as relevant to his removal proceedings. *Id.* Petitioner must instead raise those arguments in the immigration courts or in the Court of Appeals through a petition for review after his removal proceedings have concluded. *Id.*

Finally, Petitioner presents a claim in which he argues that he is receiving inadequate medical care in immigration detention as he is not being provided specialized care from his physician of choice for a cardiac issue for which he previously had heart surgery. A claim that challenges only conditions of confinement and does not challenge the fact or length of a detainee's detention directly "is cognizable in [habeas proceedings] '*only in extreme cases.*'" *Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Even where such extreme circumstances are present, such as during the COVID-19 pandemic, such a claim may only proceed where a petitioner provides sufficient allegations to show that those overseeing his detention have been deliberately indifferent to his needs. *Hope*, 972 F.3d at 324-31. Although Petitioner provides a bald assertion of deliberate indifference to his heart condition during his detention, he pleads no facts about what treatment has been received, what treatment is actually required that he has been denied, or what requests for care he has made to the staff of his detention facility. Petitioner thus has not pled facts sufficient to support an inference of deliberate indifference. Petitioner's medical claim is therefore dismissed without prejudice to Petitioner reraising his claim in an appropriate civil rights proceeding.

In conclusion, Petitioner's habeas petition (ECF Nos. 4-5) is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth above, and Petitioner's motion seeking a temporary restraining order (ECF No. 3) is **DENIED** as a result. Petitioner's motion seeking counsel's admission *pro hac vice* in this matter (ECF No. 1-2) is **GRANTED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 3/18/26

7